## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

FRONTLINE FELLOWSHIP, INC.      )
D/B/A FRONTLINE CHURCH,      )
                              )
          Plaintiff,      )
                              )
v.                            )          Case No. CIV-21-357-PRW
                              )
BROTHERHOOD MUTUAL      )
INSURANCE COMPANY,      )
                              )
          Defendant.      )

## ORDER

Before the Court is Defendant Brotherhood Mutual Insurance Company's Motion for Summary Judgment (Dkt. 44). For the reasons that follow, the Motion (Dkt. 44) is **GRANTED**, and this case is **DISMISSED**.

### *Background*

This case concerns the denial of coverage under a commercial property insurance policy issued by Defendant Brotherhood Mutual Insurance Company to Plaintiff Frontline Fellowship, Inc.[1] Following a hailstorm on March 23, 2019, Frontline filed a claim for coverage under its policy with Brotherhood, alleging physical damage sustained by its property in Edmond, Oklahoma.[2] After an initial investigation, Brotherhood denied

---

[1] At this stage, the Court "view[s] the evidence in the light most favorable to the party opposing summary judgment"—here, Frontline. *Christoffersen v. United Parcel Serv., Inc.*, 747 F.3d 1223, 1227 (10th Cir. 2014).

[2] The parties agree that the March 2019 storm occurred during the policy period (September 21, 2018, to September 21, 2019).

1

coverage for the damage, claiming that any damage caused by the storm was less than the applicable policy deductible.

In response, Frontline hired an engineer to inspect the property. The engineer produced a report, which Frontline submitted to Brotherhood in attempt to get Brotherhood to reassess its coverage determination. Brotherhood then hired its own engineer to inspect the property, and after the completion of that inspection, Brotherhood once again denied coverage on the basis that any damage caused by the storm was less than the applicable policy deductible.

Frontline then filed this lawsuit. Only one claim remains in the case: Frontline alleges that Brotherhood breached its insurance contract with Frontline by improperly denying policy benefits.[3] According to Frontline, a proper assessment of the damage to its property from the storm would result in a finding of damage exceeding the policy deductible and require Brotherhood to pay out benefits under the policy. By failing to pay out those benefits after a demand for payment, Frontline argues, Brotherhood breached its insurance contract with Frontline.

After the parties engaged in discovery, Brotherhood filed this motion for summary judgment. As relevant here, Brotherhood argues that Frontline has failed to point to any evidence establishing that the damage to Frontline's property exceeds the policy's deductible. The policy, Brotherhood argues, permits two types of cash recoveries. The first is Replacement Cost Value. But to recover the Replacement Cost Value, Brotherhood

---

[3] *See* Pet. (Dkt. 9), at 3–4; *see also* Joint Stipulation of Dismissal (Dkt. 79) (dismissing Count II of the initial state court petition).

argues that the insured party must have actually repaired or replaced the property damaged. According to Brotherhood, if the inured fails to meet this prerequisite, the insured is limited to the second type of recovery: Actual Cash Value.

With this policy framework in mind, Brotherhood maintains that Frontline cannot recover Replacement Cost Value because it has failed to repair or replace the damaged property. So, Frontline would be limited to recovering Actual Cash Value. And this, according to Brotherhood, dooms Frontline's breach of contract claim. Although Frontline has pointed to evidence of the Replacement Cost Value exceeding the policy's deductible, Brotherhood argues that there is no evidence of what the Actual Cash Value would be. And without such evidence, Brotherhood argues, Frontline cannot establish that the loss exceeded the policy's deductible, cannot prove an essential element of its breach of contract claim, and its claim therefore fails as a matter of law.[4]

### *Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute

---

[4] Because the Court resolves the Motion on these grounds, the Court declines to reach Brotherhood's alternative argument that Frontline has failed to create a genuine dispute of material fact that the damage to its property was caused by a storm falling within the policy period. *See* Def.'s Mot. (Dkt. 44), at 7–8.

3

for trial before the fact-finder.[5] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[6] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[7] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[8]

If the movant carries its initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by showing that the movant "cannot produce admissible evidence to support the fact."[9] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[10] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient

---

[5] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[8] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[9] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[10] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[11]

When, as here, the nonmoving party has the ultimate burden of persuasion at trial, the moving party "has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."[12] "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[13] "Once the moving party points out the absence of evidence to create a 'genuine issue' of a 'material fact' on which the non-moving party bears the burden of proof at trial, . . . [t]he non-moving party must set forth specific facts showing there is a genuine issue for trial."[14]

### Discussion

To prevail on its breach of contract claim, Frontline must prove at trial that (1) a contract was formed, (2) there was a breach of that contract, and (3) damages resulted from

---

[11] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52); *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[12] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)*, as amended on denial of reh'g*, (Jan. 23, 2003).

[13] *Id.*

[14] *Otis v. Canadian Valley-Reeves Meat Co.*, 884 F. Supp. 446, 449–50 (W.D. Okla. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995) (quoting *Matsushita Elec. Indus.* Co., 475 U.S. at 586).

the breach.[15] In this context, to prove that Brotherhood breached the insurance contract, Frontline must prove at trial that the recoverable value of damage to its property exceeded the policy deductible. At this stage, the question is whether there is a genuine dispute of material fact as to any element of Frontline's breach of contract claim. Where a party has failed to introduce evidence as to an essential element of its claim, summary judgment is appropriate.[16]

As explained above, Brotherhood claims that Frontline cannot recover Replacement Cost Value, has not created a genuine dispute of material fact that the Actual Cash Value exceeded the policy's deductible, and has therefore failed to introduce evidence sufficient to create a genuine dispute of fact as to an essential element of its claim. To determine whether summary judgment is appropriate, the Court must first interpret the recovery provisions at issue and then determine whether there is a genuine dispute of material fact as to whether Brotherhood breached those provisions.

Under Oklahoma law, "[i]nsurance policies are contracts interpreted as a matter of law."[17] Both the insurer and insured are "bound by policy terms," and "[w]hen policy provisions are unambiguous and clear, the employed language is accorded its ordinary,

---

[15] *Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 748 (Okla. 2021). In a diversity action, the Court applies the substantive law, including choice of law rules, of the forum state—here, Oklahoma. *Moore v. Subaru of Am.*, 891 F.2d 1445, 1448 (10th Cir. 1989). Oklahoma's choice of law rules for contract claims indicate that Oklahoma law should apply to Frontline's breach of contract claim. *See id*.

[16] *Hansen v. PT Bank Negara Indonesia*, 706 F.3d 1244, 1247 (10th Cir. 2013).

[17] *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 836, *as corrected* (Oct. 30, 2006) (internal citations omitted).

plain meaning[.]"[18] The policy must also be "read as a whole, giving the words and terms their ordinary meaning, enforcing each part thereof."[19]

Under its plain and unambiguous language, the policy at issue here covers "direct physical loss to covered property . . . caused by a covered peril."[20] However, the policy does not require Brotherhood to pay the entire loss to a covered property; rather, Brotherhood must "pay only that part of [Frontline's] loss over the deductible amount."[21] Under the policy, the amount of loss is determined by the Valuation of Property provision.[22]

As relevant here, that provision measures loss in two ways. First, the loss may be determined by Replacement Cost Value.[23] But Replacement Cost Value may only be used as a measure of loss after the damaged property "is repaired or replaced" by the insured.[24] That is because Replacement Cost Value is determined by "the amount [the insured] spend[s] to repair or replace the damaged or destroyed property"[25]—an amount that, by its nature, can only be determined after the property is actually repaired or replaced. Second,

---

[18] *Id.*

[19] *Id.*

[20] Ex. 3 (Dkt. 44), at 125 (insurance policy).

[21] *Id.* at 134; *see also id.* at 165–67 (providing hailstorm deductible); Ex. 4 (Dkt. 44), at 2–5 (same).

[22] *See* Ex. 3 (Dkt. 44), at 134.

[23] *Id.* at 135.

[24] *Id.* at 136.

[25] *Id.* at 136.

"[w]hen Replacement Cost is not shown," the loss "is based on the Actual Cash Value at the time of the loss."[26]

Therefore, to prove at trial that Brotherhood breached the insurance contract by refusing to pay out on Frontline's claim, Frontline must show one of two things: (1) that it actually repaired its damaged property and that the cost of that repair exceeded the policy's deductible; or (2) that the Actual Cash Value of the damaged property at the time of the loss exceeded the policy's deductible. Brotherhood argues that the undisputed facts establish that Frontline cannot demonstrate the first option—Replacement Cost Value— and that Frontline does not have enough evidence to carry its burden of persuasion at trial on the second option—Actual Cash Value.[27] The Court agrees.

To begin, Frontline cannot rely on Replacement Cost Value to demonstrate breach of contract. Recall that to receive the Replacement Cost Value under the policy, Frontline must show that it actually repaired or replaced the damaged property. But it is undisputed that Frontline has not repaired or replaced the damaged property. Brotherhood, therefore,

---

[26] *Id.* at 135 (cleaned up).

[27] In a subsequent pretrial brief, Frontline curiously argues the Replacement Cost Value issue is a legal issue, "not an evidentiary issue," that "should have been raised in [Brotherhood's] Motion for Summary Judgment." Pl.'s Resp. to Trial Br. (Dkt. 90), at 3– 4. But Brotherhood did raise this issue in its motion for summary judgment; it took up an entire section of Brotherhood's brief. *See* Def.'s Mot. (Dkt. 44), at 8–10. And Frontline itself acknowledged this argument and responded to it in its response to Brotherhood's motion for summary judgment. *See* Pl.'s Resp. (Dkt. 49), at 8–10. Frontline's inability to rely on Replacement Cost Value is therefore properly before the Court at this stage.

could not have breached the insurance policy by failing to pay out the Replacement Cost Value, minus the deductible.[28]

Without Replacement Cost Value, Frontline is left with only one avenue to demonstrate a breach of contract: that the Actual Cash Value of the damaged property at the time of the loss exceeded the policy's deductible. And for Frontline's breach of contract claim, this is ultimately fatal. That is because, as Brotherhood points out in its Motion, all of Frontline's evidence pertains to Replacement Cost Value, and there is no evidence of the Actual Cash Value of Frontline's claimed damages.[29] Frontline's response makes no attempt to dispute this claim and fails to "set forth specific facts" demonstrating that there

---

[28] Frontline does not attempt to dispute that this is a correct interpretation of the insurance policy. In fact, it admits in a subsequent pretrial brief that "Brotherhood [] may be completely correct regarding the language of [the insurance] policy" that the insured can only recover replacement cost value only after the property has been repaired or replaced. Pl.'s Resp. to Trial Br. (Dkt. 90), at 1. Frontline appears to suggest that the repair or replace requirement should be excused as a condition precedent because Brotherhood inhibited Frontline's ability to repair the property by refusing to pay out policy benefits. But courts have consistently rejected this argument and found nearly identical policy language enforceable under Oklahoma law. *See, e.g.*, *Bratcher v. State Farm Fire & Cas. Co.*, 961 P.2d 828 (Okla. 1998); *Truesdell v. State Farm Fire & Cas. Co.*, 960 F. Supp. 1511, 1513–17 (N.D. Okla. 1997).

[29] Significant portions of the parties' summary judgment briefs are devoted to the impact of testimony given by Frontline's designated expert, Stephanie Lee. Brotherhood previously filed a motion to exclude Lee's testimony. *See* Def.'s Mot. to Exclude (Dkt. 43). But even assuming that Lee's testimony would be admissible does not change the conclusion that Frontline has failed to identify evidence of the Actual Cash Value of its claimed damages. That is because, as Brotherhood points out, Lee's testimony "fails to provide any opinion on the Actual Cash Value of damage caused" to the property. Def.'s Mot. (Dkt. 44), at 5. In response, Frontline made no attempt to dispute this and failed to "set forth specific facts" disputing this claim, which was its burden once Brotherhood "point[ed] out the absence of evidence" in Lee's report. *Otis*, 884 F. Supp. at 449–50; *see also Trainor*, 318 F.3d at 979.

is a genuine issue of fact that the Actual Cash Value of the damaged property exceeded the policy's deductible, which was its burden once Brotherhood "point[ed] out the absence of evidence" of Actual Cash Value.[30]

Without any evidence of Actual Cash Value, no reasonable juror could conclude that the Actual Cash Value of Frontline's loss exceeded the policy's deductible. And as a result, no reasonable juror could conclude that Brotherhood breached the insurance policy—an essential element of the only claim that remains in this case—by failing to pay out benefits on Frontline's claim. Summary judgment is therefore appropriate.[31]

### Conclusion

Accordingly, Brotherhood's Motion for Summary Judgment (Dkt. 44) is **GRANTED**, and this case is **DISMISSED**.

**IT IS SO ORDERED** this 10th day of November 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[30] *Otis*, 884 F. Supp. at 449–50; *see also Trainor*, 318 F.3d at 979. It is not the Court's role to search throughout the record for possible evidence of Actual Cash Value to create a genuine dispute of fact. That was Frontline's responsibility. *See* Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[31] *See Hansen*, 706 F.3d at 1247 ("If the nonmoving party fails to make a sufficient showing on an essential element with respect to which [it] has the burden of proof, judgment as a matter of law is appropriate.").